IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES, Plaintiff, vs. REBECCA ROSE EAGLEMAN, Defendant. | Cause No. CR-06–32-GF-DLC-RKS **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

# I. Synopsis

Ms. Eagleman was accused of violating her conditions of supervised release by failing to maintain residence at a Residential Re-entry Center and by using inhalants. She admitted to using inhalants. Ms. Eagleman's supervised release should be revoked. She should be sentenced to three months imprisonment, to be followed by 27 months supervised release.

# II. Status

Ms. Eagleman was convicted of Assault with a Dangerous Weapon and

1

Assault Resulting in Serious Bodily Injury after a bench trial in 2006. CD 49. The offense consisted of Ms. Eagleman stabbing and kicking her partner while intoxicated. CD 15. Ms. Eagleman was sentenced to 50 months incarceration, to be followed by three years supervised release. CD 56. Ms. Eagleman's supervised release was revoked on May 29, 2012, because Ms. Eagleman consumed alcohol and failed to report an arrest to her probation office. CD 82. She was sentenced to six months incarceration, to be followed by 30 months supervised release. CD 83. The supervised release term included a condition that she reside for the first 180 days at a Residential Re-entry Center. CD 83. She arrived at the Great Falls Transition Center on October 4, 2012, and began the supervised release term on November 4, 2012. CD 85. On November 26, 2013, United States Probation Officer Ray Antonsen held a compliance meeting with Ms. Eagleman because she allegedly inhaled fumes from ("huffed") three cans of hair spray. Ms. Eagleman was referred to Benefis Healthcare for substance abuse evaluation and treatment, and cautioned that further noncompliance would prompt her probation officer to petition for revocation of her supervised release. CD 85.

**Petition**

The United States Probation Office filed a petition on April 8, 2013, asking the court to revoke Ms. Eagleman's supervised release. CD 85. The petition

alleged that Ms. Eagleman violated two conditions of her supervised release.  It alleged she violated Special Condition #1 by failing to complete to reside in a Residential Re-entry Center for 180 days.  Ms. Eagleman was terminated from the Great Falls Transition Center because aerosol body spray cans were found in Ms. Eagleman's bedroom, in violation of her contract with the facility.  The petition also alleged that Ms. Eagleman violated Special Condition #9 of her supervised release by huffing three cans of hair spray in the weeks preceding November 26, 2012.  CD 85.

The case was reassigned to the Hon. Dana L. Christensen, United States District Judge, and referred to the undersigned.  Based on the petition, the undersigned issued a warrant for Ms. Eagleman's arrest.  CD 86.

**Initial appearance**

Ms. Eagleman was arrested on April 9, 2013.  CD 87.  She made an initial appearance before the undersigned on April 11, 2013.  CD 88.  She was accompanied at the appearance by Federal Defender R. Henry Branom, who was appointed to represent Ms. Eagleman.  Assistant United States Attorney Laura Weiss represented the United States.

The undersigned described the Findings and Recommendations procedure to Ms. Eagleman, explaining that the undersigned would conduct a revocation

hearing, and based on that hearing would submit recommendations about revocation and sentencing to Judge Christensen.  Ms. Eagleman was informed that she would have 14 days to object to the recommendations.  The undersigned explained that she has a right to appear and allocute before Judge Christensen but must properly object to the recommendations to ensure that right is preserved.

Ms. Eagleman said that she had read the petition and understood the allegations.  She waived her right to a preliminary examination.  Ms. Weiss contended that Ms. Eagleman could be sentenced to as long as 24 months in prison if her supervised release is revoked, and Mr. Branom agreed.  Mr. Branom requested three weeks to prepare for a revocation hearing; it was scheduled for April 29, 2013.  Ms. Eagleman consented to detention in the meantime.  CD 88.

**Revocation hearing**

Ms. Eagleman appeared at the revocation hearing on April 29, 2013, with her attorney, Mr. Branom.  Ms. Weiss represented the United States.

Ms. Eagleman admitted to huffing hair spray, as alleged in Violation 2 in the petition.  The undersigned found that her admission established a violation of her supervised release conditions, and that the violation warrants revocation of release.  The court proceeded to sentencing.

Both parties called witnesses.  The government called Roxanne Stroh, who

supervised Ms. Eagleman at the Great Falls Transition Center.  Ms. Stroh testified that she had reviewed the facility's contractual provisions with Ms. Eagleman prior to the violation, including the prohibition of inhalants.  However, Ms. Stroh also testified that Ms. Eagleman was working hard to rehabilitate herself, and seemed to be making progress when she was terminated from the program.

The defense called a compliance officer from the Residential Re-entry Center, Shauna Hill.  Ms. Hill testified that she worked with Ms. Eagleman at the center, and Ms. Eagleman was doing well in her effort to control her addiction.  Ms. Hill testified that Ms. Eagleman had nearly finished the pre-release program when she was terminated.

The defense next called Angela Little, who shared a room with Ms. Eagleman at the facility.  Ms. Little testified that she had only seen Ms. Eagleman using body spray for appropriate cosmetic purposes, not for huffing.

Next the defense called Laura Badgely, a counselor at Benefis Healthcare who provided dependancy counseling to Ms. Eagleman.  Ms. Badgely testified that Ms. Eagleman was an active, sincere participant in counseling.

Finally, the defense called Ted Szudera, another Benifis counselor who coordinated group counseling sessions in which Ms. Eagleman participated.  Mr. Szudera testified that Ms. Eagleman was an active participant in those sessions and

made great progress throughout her treatment.

Mr. Branom requested a sentence of time served (about two weeks) and additional supervised release. Mr. Branom argued that additional incarceration would be counterproductive: Her violation consisted of an addiction relapse, but she subsequently made a determined and promising effort to manage her addiction. Incarceration would derail her progress, Mr. Branom argued. Instead, Mr. Branom suggested an additional supervised release condition that she seek admittance to a substance-abuse treatment program.

Ms. Weiss requested a prison sentence in the middle of the guideline range. Ms. Weiss noted that Ms. Eagleman's underlying offense was a serious violent assault, and that Ms. Eagleman has already had her supervised release revoked once.

Ms. Eagleman addressed the court. She said that she had cans of body spray for cosmetic use, and that she did not inhale the substance. Ms. Eagleman said she was attempting to regain custody of her son, and her desire to do so motivated her to address her addiction. She believed that she was improving herself through counseling, and was disappointed that her arrest had interrupted that progress.

At the request of the court, Probation Officer Wade Riden testified. He said that Ms. Eagleman probably would not be eligible for readmission to the Great

Falls Transition Center, but might be able to enroll in a substance abuse treatment program. He expressed optimism that Ms. Eagleman would eventually succeed in the community.

The undersigned calculated that Ms. Eagleman's violation grade is C, her underlying offenses are grade C felonies, and her criminal history category is I. Under those circumstances, Ms. Eagleman could be sentenced to as much as 9 months imprisonment on each count, which could run consecutively for a total sentence of up to 18 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. Ms. Eagleman could be sentenced to as much as 30 months additional supervised release, less any custodial sentence imposed. Mr. Branom said he believed that the prison sentences on the underlying counts would have to run concurrently, so the maximum sentence is 9 months. Otherwise, the parties agreed with the above calculations.

**Analysis**

Ms. Eagleman's supervised release should be revoked. She should be sentenced to 3 months imprisonment, to be followed by 27 months supervised release. She should be receive credit toward that prison sentence for all the time she is incarcerated prior to sentencing. Supervised release should include those conditions previously imposed, except the Residential Re-entry Center condition

should be stricken, and a condition should be added to prohibit possession of aerosol products that might be abused as inhalants.

Revocation is warranted because Ms. Eagleman admitted violating the conditions of her supervised release even after her probation officer warned her for alleged previous noncompliance. A custodial sentence should be imposed because Ms. Eagleman already has a previous revocation. Additionally, her underlying crime is a serious violent offense. The undersigned believes incarceration is necessary both to sanction Ms. Eagleman for non-compliance and to protect the community, as to protect Ms. Eagleman herself from the potential health consequences of huffing.

A sentence at the low end of the guideline range is appropriate. Ms. Eagleman's violation appears to have consisted of a relapse in her struggle against addiction. It did not directly endanger the community. By all accounts, Ms. Eagleman showed a determined effort to address her addiction after the violation, and made significant process. Ms. Eagleman appears capable of continuing that progress upon her release.

The undersigned believes Ms. Eagleman will benefit from the maximum term of supervised release. Notwithstanding her violation, Ms. Eagleman seems to have benefitted from her last term of supervised released. Supervision is likely to

help her in the continued struggle against addiction. The condition requiring her to reside in a prerelease center should be stricken, as it is likely impracticable. A condition prohibiting possession of aerosol should be added, as it will discourage Ms. Eagleman from abusing inhalants and will help alert probation officers to any substance abuse.

## IV. Conclusion

Ms. Eagleman was advised that the above sentence would be recommended to Judge Christensen. The undersigned reminded Ms. Eagleman that she also has a right to appear and allocute before Judge Christensen, who will decide whether to revoke her supervised and, if so, what sentence to impose. She was also reminded that she may object to this recommendation within 14 days of issuance, and must do so to preserve her right to appear and allocute before Judge Christensen.

The Court makes the following FINDINGS:

1. Ms. Eagleman violated Special Condition #9 of her supervised release by inhaling intoxicating fumes from three cans of hair spray in the weeks preceding November 26, 2012.

The Court makes the following RECOMMENDATIONS:

1. The District Court should enter the attached Judgment, revoking Ms. Eagleman's supervised release and sentencing her to three months in the custody of the United States Bureau of Prisons, to be followed by 27 months supervised release under the conditions set forth in the Judgment.

9

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 30th day of April, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge