IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>REBECCA ROSE EAGLEMAN,<br><br>　　　　　　Defendant. | Cause No. CR-06-32-GF-BMM-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Ms. Eagleman was accused of violating her conditions of supervised release by changing her place of residence without notifying her probation officer, failing to appear for substance abuse testing, and failing to appear for a mental healthcare appointment. She admitted the violations. Ms. Eagleman's supervised release should be revoked. She should be ordered into custody for 15 months with no additional supervised release to follow.

1

## II. Status

Ms. Eagleman was convicted of Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury after a bench trial in 2006. Doc. 49. The offense consisted of Ms. Eagleman stabbing and kicking her partner while intoxicated. Doc. 15. Ms. Eagleman was sentenced to 50 months incarceration, to be followed by three years supervised release. Doc. 56. Ms. Eagleman's supervised release was revoked in May 2012 because Ms. Eagleman consumed alcohol and failed to report an arrest to her probation office. Doc. 82. She was sanctioned with six months incarceration, to be followed by 30 months supervised release. Doc. 83. The supervised release conditions required her to reside for the first 180 days at a pre-release center. Doc. 83. She began the supervised release term in November 2012. Doc. 85. Ms. Eagleman's supervised release was revoked again in May 2013 because she violated the conditions by inhaling fumes from aerosol spray cans and failing to complete the pre-release program. Docs. 93, 94. Ms. Eagleman was ordered into custody for three months, with 27 months supervised release to follow. Doc. 95. She began her current period of supervised release in July 2013. Doc. 97.

**Petition**

The United States Probation Office filed a petition on June 16, 2014, seeking

a third revocation of Ms. Eagleman's supervised release. Doc. 97. The petition alleged that Ms. Eagleman violated three conditions of her supervised release. It alleged she violated Standard Condition 6 by changing her place of residence in June 2014 – essentially disappearing from her registered address – without notifying her probation officer. The petition also alleged that Ms. Eagleman failed to report for substance abuse testing appointments on June 12 and June 14, 2014. Finally, the petition alleged Ms. Eagleman failed to attend a mental health treatment appointment on June 12, 2014. Doc. 97. Based on the petition, United States District Judge Brian Morris issued a warrant for Ms. Eagleman's arrest. Doc. 98.

**Initial appearance**

Ms. Eagleman appeared before the undersigned on June 24, 2014. She was accompanied at the appearance by Federal Defender Evengelo Arvanetes. The Federal Defenders of Montana were appointed to represent Ms. Eagleman. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Eagleman said she had read the petition and understood the allegations. Mr. Weldon warned Ms. Eagleman that she could be incarcerated for up to 24 months for each of her underlying offenses if supervised release is revoked, and that those periods of incarceration potentially could run consecutively.

3

Ms. Eagleman declined a preliminary examination to determine if probable cause existed. She was advised of her rights, including the right to a revocation hearing before Judge Morris, who will ultimately decide whether to revoke her supervised release and what, if any, sanction to impose. Mr. Arvanetes said he and Ms. Eagleman were prepared to proceed with a revocation hearing before the undersigned. Mr. Weldon and Ms. Eagleman consented to that procedure, so the hearing commenced.

**Revocation hearing**

Ms. Eagleman appeared at the revocation hearing, represented by Mr. Arvanetes. Mr. Weldon represented the United States.

Ms. Eagleman admitted to violating conditions of her supervised release, as alleged in the petition. The undersigned found her admissions sufficient to establish violations, and believes the violations warrant revocation of her release. The court proceeded to sentencing. Ms. Eagleman's violation grade is C. Her criminal offense category is I. Her underlying offense is a class C felony. The sentencing guidelines recommend three to nine months incarceration.

Mr. Arvanetes requested a custodial sanction of 12 months and 1 day, with no supervised release to follow. He noted that Ms. Eagleman has already had supervised release revoked twice, and is obviously unable to comply with the

conditions. Mr. Arvanetes argued that a custodial period in excess of the guideline range would offset relieving Ms. Eagleman of additional supervision. A custodial period of 12 months and 1 day would qualify Ms. Eagleman for "good time" credit in prison, so she would be motivated to behave well during the incarceration, Mr. Arvanetes explained.

Ms. Eagleman briefly addressed the court. She said she just wants to complete her sentence and be done with it.

Mr. Weldon requested a custodial sanction of six months, with additional supervised release to follow. Despite Ms. Eagleman's previous revocations, she has been able to comply with conditions for significant periods, Mr. Weldon said. He opined that continued supervised release would be preferable to prolonged incarceration. If supervised release is discontinued, Mr. Weldon requested a custodial sanction of 18 to 24 months. Mr. Weldon expressed concern that a lesser period of incarceration may encourage defendants on supervised release to deliberately violate conditions, calculating that the resulting custodial period would be worth the discontinuation of supervised release.

**Analysis**

Ms. Eagleman's supervised release should be revoked. She should be incarcerated for 15 months, with no supervised release to follow. Revocation is

appropriate because Ms. Eagleman voluntarily admitted to several significant violations.

Her violations merit an upward departure from the guideline range. Ms. Eagleman has violated conditions during her two previous supervised release periods, and has been treated leniently with relatively short custodial sanctions on those occasions. Ms. Eagleman has resided in a pre-release center with access to educational and vocation programs, and she has been provided with substance abuse treatment and mental health treatment. Despite all that, she chose to defy the conditions of her release once again. Ms. Eagleman has demonstrated a complete and persistent disrespect for the court that requires a significant sanction.

No additional supervised release should be imposed. Repeated efforts to supervise and assist Ms. Eagleman at taxpayer expense have failed because Ms. Eagleman has been unwilling to cooperate. Further attempts would be a poor investment of limited resources.

### IV. Conclusion

Ms. Eagleman was advised that the above sentence would be recommended to Judge Morris. She was reminded that she may object to this recommendation within 14 days of issuance, and that Judge Morris will not make a final decision on revocation without considering a properly-filed objection.

The Court makes the following FINDINGS:

1. Ms. Eagleman violated Standard Condition 6 of her supervised release by failing to notify her probation officer before changing her place of residence in May or June 2014.

2. Ms. Eagleman violated Special Condition 1 of her supervised release by failing to report for urine testing on June 12 and June 14, 2014.

3. Ms. Eagleman violated Special Condition 3 of her supervised release by failing to appear for a mental health program appointment on June 12, 2014.

The Court makes the following RECOMMENDATIONS:

1. The District Court should enter the attached Judgment, revoking Ms. Eagleman's supervised release and placing her in the custody of the United States Bureau of Prisons for 15 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 26th day of June, 2014.

Keith Strong
United States Magistrate Judge